PORTER MEEKS v. THE STATE.

No. 6298.   Decided June 1, 1921.

Rehearing denied October 12, 1921.

**1.—Robbery—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction of robbery, the statement of facts, so-called, was neither signed by the attorneys nor approved by the trial judge and was in other respects not in shape to be considered by this court, and if considered would warrant the conviction of the defendant, the cause must be affirmed.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions failed to show any answer to the question, and it did not appear whether the question was propounded to the defendant or some other witness, and in no way complied with the requirements of the law, the same cannot be considered on appeal, and there being no fundamental error, the judgment must be affirmed.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of robbery; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction was for robbery. Punishment was assessed at twenty-five years in the penitentiary.

No statement of facts which can be considered by this court accompanies the record. We find on file a question and answer transcript of the evidence, certified to by the official reporter, but even this is not certified to by attorneys or by the trial judge; even if it were we could not consider it. Section 601, page 309, Branch's Annotated Penal Code. There is in the record what purports to be a statement of facts, but it is neither signed by the attorneys nor approved by the trial judge, and hence the same can not be considered. If we were permitted to consider the same, the facts stated therein are sufficient to warrant the conviction in this case, beyond question.

Only one bill of exceptions appears in the records, which is here set out in full: "Be it remembered, that upon the trial of the above entitled and numbered cause, the State introduced the following testimony, to-wit:— 'I will ask you if you were arrested on March 18, 1914, at Tulsa, Oklahoma, charged with highway robbery?' Which testimony was objected to by the defendant at the time it was offered, upon the following grounds, to-wit:—Because said testimony was immaterial, irrelevant, and improper, and tended to inflame and prejudice the minds of the jurors against the defendant. And the court overruled said objections and admitted said testimony, to which decision of the court the defendant then excepted, and tenders this bill of exceptions, and asks that the same be signed and filed as a part of the record in this cause."

It will be observed that the bill fails to show any answer to the question, yet it appears to be a complaint as to the admission of testimony. This court does not know who the witness was to whom the question was propounded, whether the accused or some other witness. It is scarcely necessary to add that in no respect does the bill comply with the requirements of the law. We refer only to the general rules with reference to bills of exceptions as given in Branch's Annotated Penal Code, Section 207, etc.

The record discloses no fundamental errors. Judgment is affirmed.

*Affirmed.*

[Rehearing denied October 12, 1921. Reporter.]